IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 05-30049 |
| ) | |
| ALEJANDRO OCOTE-SABINO, ) | |
| ) | |
| Defendant. ) | |

OPINION

RICHARD MILLS, U.S. District Judge:

This case is before the Court following the Defendant's sentencing hearing on November 21, 2005.

The Court noted that the Defendant has two unresolved objections to the Presentence Investigation Report. The first objection involves the number of illegal aliens that the Defendant is being held accountable of transporting, and the resulting increase in his offense level. The second objection is based on the first and concerns the calculation of the Defendant's offense level and the resulting guideline range.

1

The Defendant objects to paragraph 18 of the PSR, wherein his offense level is increased by six levels on the basis that he transported between 25 and 99 aliens. The Defendant notes that while he admitted transporting people from Phoenix, Arizona on three or four occasions in the two months prior to his arrest, this does not mean that he transported between 25 and 99 illegal aliens. Therefore, any guess as to the number of aliens transported on these occasions is speculation and conjecture and does not warrant an increase of six levels.

The Defendant claims that it can only be surmised that he transported one alien on each occasion for a total of three or four aliens on prior trips. Given the 14 aliens for which he is accountable in this case, the Defendant alleges that he should be held accountable for a total of no more than 18 aliens. Pursuant to U.S.S.G. § 2L1.1(b)(2)(A), this would result in a three-level increase (instead of a six-level increase) to the base offense level of twelve. After a two-level decrease for acceptance of responsibility (not three because the offense level would be below 15), the Defendant's total offense level would be 13. Given his criminal history category of I, the resulting

guideline range would be 12 to 18 months.

As noted in the PSR, the Defendant did not admit how many aliens he transported on previous occasions. Accordingly, it is impossible to know the exact number. However, the Defendant's van was capable of carrying at least fourteen passengers on these three or four occasions. Assuming the Defendant made three prior trips, he would have had only to transport a total of eleven other passengers, or less than four per trip, in order to get to the 25 passengers which is the minimum number necessary to support a six-level enhancement.

Given the distance being traveled and other factors (such as the price of gas and food), it is hard to imagine that the Defendant had less than four passengers on his previous trips. Common sense dictates otherwise. Moreover, many similar cases involving the transportation of illegal aliens have been before the Court. Most of those cases involved the transportation of significantly more than four passengers.

Based on the foregoing, the Court finds that the six-level enhancement for transporting at least 25 illegal aliens is properly assessed. Accordingly,

paragraph 18 is correct as written, and the Defendant's objection is DENIED.

The Defendant also objects to paragraph 53 of the PSR, which states that based on an offense level of 15 and a criminal history category of I, the guideline range of imprisonment is 18 to 24 months. This objection is based on the previous objection. The Defendant contends that the offense level should be 12 with a criminal history category of I, resulting in a guideline imprisonment range of 10 to 16 months.[1]

Based on the Court's ruling on the previous objection, the Defendant's total offense level of 15 is correct and the sentencing range of 18 to 24 months is correct as noted in paragraph 53 of the PSR. Accordingly, the Defendant's objection is DENIED.

The Defendant also suggested that the Court depart downward one level so that his sentencing range is consistent with that of Juan Guevara-Sabino, the Defendant's cousin, who was sentenced by Judge Scott to serve

---

[1] Even if the Court were to allow the Defendant's substantive objection, his guideline range would be 12 to 18 months (not 10 to 16 months as argued by the Defendant), on the basis that he would get a two-level (not three-level) reduction for acceptance of responsibility.

a term of twelve months and one day in the custody of the Bureau of Prisons. Unlike his cousin, this Defendant admitted making three or four additional trips in which he transported illegal aliens. The Defendant had a higher sentencing range than his cousin because he was held accountable for transporting at least 25 aliens. Because there is a legitimate basis for the disparity in their sentencing ranges, the Court finds no basis for a downward departure.

Pursuant to the Supreme Court's decision in <u>United States v. Booker</u>, __ U.S. __, 125 S. Ct. 738, 764-65 (2005), the Sentencing Guidelines are now advisory, requiring a sentencing court to consider Guideline Ranges under 18 U.S.C. § 3553(a)(4), but permitting courts to tailor the sentence in light of other statutory concerns under section 3553(a).[2] Accordingly, in

---

[2] These statutory concerns include the following: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed–(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent guidelines policy statement; (6)the need to avoid unwarranted sentence disparities

determining the appropriate sentence in this case, the Court has considered the guideline range and policy statements, in addition to other statutory factors.

<u>Ergo</u>, the Defendant's objections to the PSR are DENIED. The Defendant is hereby sentenced to serve a term of 18 months in the custody of the Bureau of Prisons. He is further sentenced in accordance with the judgment to be entered in this case.

ENTER: November 21, 2005

        FOR THE COURT:

                s/Richard Mills
                United States District Judge

---

among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.